UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BASANT GAJJAR,<br><br>　　　　Defendant. | Case No. 4:20-cv-02429-KAW<br><br>**ORDER REGARDING 11/2/21 JOINT DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 54, 55, 56 |

　　　　On March 8, 2021, Defendant Basant Gajjar filed a motion to dismiss for lack of jurisdiction. On May 4, 2021, the Court vacated the hearing on the pending motion to dismiss and granted Plaintiffs Facebook, Inc. and Instagram, LLC's request for leave to conduct jurisdictional discovery. (Dkt. No. 40.) In its order, the Court advised the parties that it expected supplemental briefing if, after the conclusion of the jurisdictional discovery, the parties believed that the motion still required resolution. *Id.* at 2. Since then, the Court has approved three stipulations extending the deadline to conduct jurisdictional discovery, which were sought because the parties were engaging in settlement negotiations. (Dkt. Nos. 42, 45, 47.)

　　　　It appears that those negotiations were not fruitful, because, on October 28, 2021, Plaintiffs filed a request for a telephonic conference to enforce the Court's meet and confer requirement pursuant to Paragraph 17 of the undersigned's standing order. (Dkt. No. 49.) Therein, Plaintiffs included Defendant's position, which, at the time, Defendant insisted on including in full for each disputed request rather than by reference:

> 　　　　This discovery and the lawsuit is nothing but mean-spirited overkill designed to punish a foreign national for the prior actions of third party advertisers over whom he has no control. As of September, Plaintiffs Facebook (and Instagram) had a market capitalization of ~$1.7 *trillion* and are bludgeoning a Thai resident with endless litigation and excessive discovery that goes well beyond an effort to assess jurisdiction. Plaintiffs have already

achieved the stated aim of this litigation, which is the complete cessation of Leadcloak. 100% of the claimed misconduct on Plaintiffs' websites were admittedly caused by third party advertisers – not by Defendant Gajjar. It has long been true that Leadcloak software could not be purchased by customers/IP addresses based in the US (defeating special jurisdiction). On October 23, 2021, Leadcloak's website shut down for good. There is nothing left for this Court to enjoin. There is no purpose in persisting with this lawsuit. There is no basis for any more discovery -- particularly the overbroad merits discovery being sought by Plaintiffs.

███████████████████████████.[2] Unfortunately, Plaintiffs were interested only in financially ruining him. They have succeeded. The website is shut down. Mr. Gajjar can no longer afford to have counsel defend him in this action. Accordingly, Defendants' counsel will be filing Motions to Withdraw as Counsel by October 28, 2021.

This Court should not further contribute to the injustice created by the insurmountable disparity of wealth between a one trillion dollar company and a private individual living in Thailand. The discovery sought by Plaintiffs should be denied.

(Dkt. No. 49 at 3:3-16) (emphasis in original.)

On October 29, 2021, the undersigned granted Plaintiffs' request and explicitly advised Defendant that "[t]he Court does not, however, find that the language Defendant purportedly insisted on including repeatedly could be relevant to any discovery dispute…." (10/29/21 Order, Dkt. No. 51 at 2 n.1 (citing Dkt. No. 49 at 3:3-16).)  Additionally, defense counsel was cautioned that, "while the Court is aware that defense counsel is seeking to withdraw from representation of Defendant Basant Gajjar for nonpayment (Dkt. Nos. 48 & 50), they are reminded that they remain counsel of record until the motions [to withdraw] are granted, and they are expected to act accordingly." (10/29/21 Order at 1.)

On November 2, 2021, the parties filed three separate joint discovery letters pertaining to the sufficiency of Defendant's responses to Plaintiffs' requests for admission (Dkt. No. 54), requests for production of documents (Dkt. No. 55), and interrogatories (Dkt. No. 56.)  Despite the October 29, 2021 admonition regarding the language quoted above, Defendant provided the exact response–minus the redacted settlement communication, which the Court instructed Defendant was improper–as his position in all three joint discovery letters. (Dkt. No. 55 at 1-2; Dkt. No. 55 at 2; Dkt. No. 56 at 2.)  Defendant then proceeded to incorporate the same, untenable position by

reference in response to every disputed discovery request. To the extent that Defendant made any additional arguments, they generally pertained to the merits of the case or were not a valid objection. One such example was that, in response to Interrogatory No. 7, Defendant argued that "'explain the basis' of multiple statements in [multiple] paragraphs is not an appropriate discovery request." (Dkt. No. 56 at 3.) While this interrogatory may have two discrete subparts, that would only pose an issue if Plaintiffs exceeded the number of permitted interrogatories under Rule 33. Since that has presumably not occurred, then Defendant must answer fully.

As a result, Defendant has failed to make a showing that he should not have to adequately respond to discovery. In fact, the insistence on cutting and pasting a position that the undersigned has already found to be irrelevant to any discovery dispute in three, separate discovery letters is sanctionable under Rule 37. Defendant's untenable position on the merits of the case does not render the discovery objectionable under Rule 26. To the contrary, the disputed requests are relevant to determining whether the Court may exercise jurisdiction over Defendant.

The Court again advises counsel that filing motions to withdraw does not relieve them of their obligation to meaningfully engage in discovery. Counsel should not be abandoning their client absent a court order permitting withdrawal, particularly since jurisdictional discovery has been open for six months, and the pending motion to dismiss will require supplemental briefing.

For the reasons set forth above, Plaintiffs' request to compel supplemental responses to their requests for admission, requests for production of documents, and interrogatories is GRANTED. Defendant shall serve supplemental responses to the following discovery requests within 14 days of this order:

- Requests for Admission Nos. 1-4, and 6-11;
- Requests for Production of Documents Nos. 1-6, 12, 14-17, 19, and 22;
- Interrogatory Nos. 2, 3, 6-9, and 11.

IT IS SO ORDERED.

Dated: November 16, 2021

KANDIS A. WESTMORE
United States Magistrate Judge

3